401 So.2d 876 (1981)
KILLEBREW MANUFACTURING COMPANY and the Home Indemnity Company, Appellants,
v.
James P. DAWSON, Appellee.
No. SS-71.
District Court of Appeal of Florida, First District.
July 21, 1981.
*877 J. Michael McCarthy of McCarthy & Sawyer, Lakeland, for appellants.
Michael B. Murphy of Stanley, Wines & Smith, Auburndale, for appellee.
PER CURIAM.
The employer/carrier challenge the deputy commissioner's order which reduced by ten percent the weekly compensation rate paid to Dawson for permanent total disability and which required payment for remedial psychiatric care. We affirm in part and reverse in part.
On January 15, 1977, and April 23, 1977, Dawson suffered compensable injuries while employed by Killebrew. The employer/carrier began paying Dawson for a five percent and later an additional ten percent permanent partial disability. Dawson ultimately filed a claim for additional benefits.
On deposition, Dawson's physician testified Dawson suffered a pre-existing back condition which accounted for ten percent of Dawson's total fifteen percent disability. The deputy commissioner rendered an order awarding permanent total disability benefits and determining that Dawson reached maximum medical improvement on May 25, 1977.
On appeal, the Industrial Relations Commission reversed and remanded for apportioning out of ten percent of the disability attributable to the pre-existing back condition.
On September 17, 1979, the deputy commissioner entered an order apportioning out ten percent of Dawson's total loss of wage-earning capacity and reassessing his weekly compensation rate at ninety percent for permanent total disability. The deputy also awarded payment for psychiatric treatment based upon a new claim.
We find no reversible error in apportioning out ten percent of Dawson's disability attributable to the normal progression of degenerative joint disease.
However, a remedial treatment may not be awarded for the period following May 25, 1977, the date of maximum medical improvement. Remedial treatment is inappropriate after determining a date for maximum medical improvement. The deputy erred and we must reverse on this issue. We reverse without prejudice to Dawson to seek palliative treatment as provided by statute and not prohibited by the statute of limitations.
MILLS, McCORD and THOMPSON, JJ., concur.