PER CURIAM.
This cause is before us on appeal from a workers’ compensation order finding that claimant has not reached maximum medical improvement and awarding him temporary total disability benefits, medical care and treatment as required by his injury, reimbursement for any outstanding medical and pharmaceutical expenses resulting from his compensable injury, and reimbursement for medical mileage. Since there is no competent, substantial evidence of any reasonable expectation of improvement in claimant’s condition and two doctors were of the opinion that claimant had reached maximum medical improvement before the hearing, we reverse and remand for a determination of the date of maximum medical improvement. We must also reverse the award of temporary total disability benefits without prejudice to claimant's right to seek an award of permanent disability benefits. Once the date of maximum medical improvement is determined by the deputy, further remedial care is improper, and the award of such benefits beyond that date must be reversed. Killebrew Manufacturing Company v. Dawson, 401 So.2d 876 (Fla. 1st DCA 1981). There being no evidence as to medical mileage, the award of medical mileage at the statutory rate is reversed. On remand the deputy may determine medical mileage on proof thereof. Finally, we reverse the award of reimbursement for outstanding medical and pharmaceutical expenses resulting from claimant’s compensable injury since notice of those expenses as an issue at the hearing was neither provided in the application for hearing nor in the notice of hearing. Sparton Electronics v. Heath, 414 So.2d 642 (Fla. 1st DCA 1982).
*1197 Reversed and remanded for proceedings consistent with this opinion.
BOOTH, SMITH and THOMPSON, JJ., concur.