JOANOS, Judge.
The employer and carrier seek review of a workers’ compensation order awarding temporary total disability benefits and payment of medical bills. We find no error in the award of temporary total disability benefits and affirm the order in this regard. We remand this cause to the deputy, however, with directions to conduct a hearing and to take further evidence on the medical bills.
Claimant suffered a burn to his right eye and right eyelid while employed as a pot washer for the employer, Turnberry Isle Country Club. As claimant was cleaning a metal grill with a liquid called “Foam Free,” he slipped on a wet floor and fell backwards. The container of “Foam Free” hit the floor and some of its contents splashed in claimant’s right eye, and inside *788 the rubber glove he was wearing. Claimant’s co-workers washed his eye with water, and he was taken to the hospital emergency room. After lengthy irrigation of his eye, claimant was sent home with directions to see Dr. Lawrence Reese, an ophthalmologist. Dr. Reese examined claimant the day after the accident and referred him to Bascom Palmer Eye Institute. In addition to the treatment rendered by Dr. Henry Gelender at Bascom Palmer and the emergency room treatment provided by the staff at Biscayne Medical Center, claimant was subsequently treated or examined by numerous other medical care providers. These medical care providers were listed in the pre-trial stipulation and their medical reports and testimony have been made a part of the record, although the medical bills were not placed in evidence.
The employer and carrier contend the deputy erred in awarding payment of the medical bills, alleging that claimant failed to comply with the provisions of Section 440.13(1), Florida Statutes (1981). Claimant concedes that the medical bills should have been put in evidence. On remand, any doubt concerning the amount of these bills “can and should be removed ... by the submission of written bills or statements to be received and marked as exhibits in the case.” American Grinding & Equipment v. Rodman, 411 So.2d 917, 918 (Fla. 1st DCA 1982).
Implicit in the deputy’s order directing payment of the medical bills is a finding of “good cause” to excuse the non-reporting requirements of Section 440.13(1), Florida Statutes (1981). Good cause has been shown in cases where there are complex factual circumstances or a confused legal situation, or where the employer waives the requirement of Section 440.13(1) with actual knowledge of the medical care provided. See: Carter v. American Finnish Nursing Home, 450. So.2d 1262 (Fla. 1st DCA 1984); Walt Disney World Co. v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982). On remand, “it is necessary for the deputy to find ‘good cause’ to excuse noncompliance with the' requirements of Section 440.13(1), Florida Statutes, before ordering payment by the E/C.” American Grinding, at 918.
We remand for further proceedings and findings with respect to payment of the medical bills.
MILLS and BARFIELD, JJ., concur.