ZEHMER, Judge.
Turnberry Isle Country Club, the employer, and Liberty Mutual Insurance Company, the carrier, appeal a workers’ compensation order awarding attorney’s fees to claimant on the ground that appellants acted in bad faith in the handling of the claim. Appellants raise three points: (1) Because claimant’s attorney never presented any evidence of bad faith at the hearing on attorney’s fees, as required by section 440.34(3)(b), Florida Statutes (1981), the evidence is insufficient to support the award; (2) the deputy abused his discretion in awarding an excessive attorney’s fee; and (3) the deputy erred in awarding costs when no items of cost were received in evidence. We reverse and remand for further proceedings.
Claimant suffered loss of vision in his right eye as the result of a compensable accident in January 1982. He filed a claim for benefits on February 15, 1982, which included a claim for attorney’s fees. After a series of hearings the employer and carrier were ordered to pay temporary total disability benefits from January, 17, 1982, until claimant reached maximum medical improvement or resumed working. This court affirmed the order, but directed that further evidence be taken regarding medical bills. Turnberry Isle Country Club v. Reyes, 469 So.2d 787 (Fla. 1st DCA 1985). After remand, the deputy commissioner entered an order directing the employer and carrier to pay certain medical bills. After a separate attorney’s fee hearing, the deputy commissioner awarded costs in the amount of $1,617.91 and fees to claimant’s attorney, Mark Rubin, in the amount of $15,000.
*1013 Addressing appellants’ first point, we note that both the original claim filed February 15, 1982, and the pretrial stipulation dated November 2, 1982, simply stated a claim for “attorneys fee” without elaboration of the statutory ground. These two documents contain the only recitations of the claim prior to the attorney’s fee hearing. The employer and carrier denied any responsibility for fees under section 440.34. The separate hearing on attorney’s fees required by that section was held November 13, 1985. Claimant’s attorney, Mark Rubin, presented a nine-page affidavit at the hearing which outlined in detail the services for which fees were claimed, stated in increments of one-quarter hour. Mr.. - Rubin then testified relative to the hours spent, his customary hourly fee, his client load, and the difficulty of this case. No evidence or testimony was presented on the issue of bad faith.
During cross-examination by counsel for the employer and carrier, Mr. Rubin was unable to recall the specifics of the events recited in his affidavit and could not refresh his recollection because his files were not in the hearing room. Appellants complain that they were thus deprived of a fair opportunity to cross-examine and adequately explore the credibility of the claimed services. Appellants’ counsel, however, had not subpoenaed such records, and he did not ask to adjourn the proceedings to permit claimant’s counsel to obtain such records because, as stated at oral argument, he did not wish to antagonize the deputy commissioner. It seems incredible to us that a party seeking an award of attorney’s fees would appear at a special hearing on that issue without having counsel’s files and other documentary evidence to support the claim. On the other hand, counsel for the employer and carrier could have made arrangements, either by agreement of opposing counsel or by subpoena duces tecum, to have such documents present at the hearing if he expected to question the extent of services performed. Having failed to do either, we find no reversible error in this regard.
As a result of the hearing, the deputy commissioner entered an order on December 13, 1985, which required the employer and carrier to pay Mr. Rubin a $15,000 fee, but stated no statutory basis for the award. The employer and carrier alleged in a petition for rehearing that the order did not meet the requirements of section 440.34(3)(b) regarding proof of bad faith, and the December 13 order was thereupon vacated by the deputy commissioner. At a hearing on this petition held March 13, 1985, the employer and carrier argued that the order did not make the necessary specific findings of fact regarding the statutory criteria of section 440.34(3)(b), and requested that a new order be entered which would comply with the essential requirements of law. In response, counsel for the claimant stated:
I didn’t know, frankly, at the hearing that there was an issue raised regarding the bad faith question since there is no testimony and was no argument even made and nothing advanced at the hearing on attorney’s fee pertaining to bad faith and, quite frankly, I was surprised when he raised it in his petition for rehearing.
(R 29). Counsel for claimant then pointed out facts in the record which he felt supported a finding of bad faith on the part of the employer and carrier. No additional evidence was presented.
The deputy commissioner’s final order, entered April 18, 1986, found that (1) the employer and carrier failed to properly pay claimant the temporary total disability benefits due as a result of the April 1984 and 1985 orders; (2) the employer and carrier failed to properly investigate the seriousness and extent of claimant’s injuries and failed to consider the testimony of all the treating physicians; (3) the employer and carrier’s failure to pay the temporary total disability benefits resulted in an economic loss to claimant; (4) the field specialist’s report recommended that the carrier pay temporary total disability benefits from January 31, 1982; and (5) there was no evidence or argument presented at the attorney’s fee hearing by the employer and carrier that Mr. Rubin was not entitled to a fee. Based on these findings, the deputy *1014 determined that the employer and carrier had acted in bad faith and should be held responsible for claimant’s attorney’s fees. In determining the fee, the deputy found that Rubin’s legal services produced benefits to claimant amounting to $29,991.62, but that strict application of the statutory formula would result in an inequitable fee; thus, he also considered the guidelines set forth in section 440.34(1) and the case of Lee Engineering Co. v. Fellows, 209 So.2d 454 (Fla.1968), and allowed a fee of $15,-000. The deputy reinstated the order of December 13 and also ordered payment of $1,617.91 in costs.
Section 440.34(3)(b) states that a claimant shall be entitled to recover a reasonable attorney’s fee from the carrier when
the deputy commissioner issues an order finding that a carrier has acted in bad faith with regard to handling an injured worker’s claim and the injured worker has suffered economic loss. For the purposes of this paragraph, the term “bad faith” means conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant. Any determination of bad faith shall be made by the deputy commissioner through a separate fact-finding proceeding. The deputy commissioner shall issue a separate order which shall expressly state the specific findings of fact upon which the determination of bad faith is based.
This section requires the question of entitlement to attorney’s fees to be “specifically litigated as a separate issue with factual evidence presented going directly to that issue. The deputy may not simply infer from general testimony that bad faith exists.” Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033, 1035 (Fla. 1st DCA 1981). Accord Veterans Septic Tank Service v. Wallace, 445 So.2d 389 (Fla. 1st DCA 1984) (question of bad faith must be specifically litigated as a separate issue with factual evidence presented going directly to that issue). In a case similar to the one before us, we reversed an award of attorney’s fees, stating that the deputy
may not simply infer from general testimony that bad faith exists. In this case, claimant failed to present any direct testimony on #ie issue of bad faith. In fact, there is no indication from the record that claimant ever asserted the E/C’s bad faith handling of the claim as the basis for his claim for attorney’s fees. Consequently, there was no forthright assertion of bad faith, nor any meaningful litigation on that subject at the hearing before the D/C. The D/C’s bare bones finding of bad faith, construed from testimony introduced not to prove notice and bad faith but for another stated purpose, and the consequent fee award, are therefore reversed.
Closet Maid Corp. v. Wilson, 429 So.2d 419, 421 (Fla. 1st DCA 1983). See also Rivers v. SCA Services of Florida, 465 So.2d 634 (Fla. 1st DCA 1985) (deputy may not infer bad faith, or lack of bad faith, from general testimony).
In this case, although claimant had made a claim for attorney’s fees from the outset, at no time until the hearing on the employer and carrier’s petition for rehearing was it made explicit that the claim was grounded on bad faith. At the attorney’s fee hearing, claimant’s attorney concentrated on the amount of the fee and neither presented any evidence of bad faith nor argued that ground as a basis for the fee award. Based solely on records from earlier proceedings, the initial order of December 12, 1985, found that “the employer/carrier failed to properly pay to the Claimant the Temporary Total Disability Benefits which were due and as directed to be paid pursuant to the Order dated April 20, 1984,” and then discussed the amount of the attorney’s fee. When the lack of a statutory basis for the award was questioned in the employer and carrier’s petition for rehearing, the deputy commissioner determined, without receiving additional evidence and based solely on prior orders in the file, that the acts of the employer and carrier amounted to bad faith and confirmed the attorney fee award.
We are not prepared to say that the acts recited in the April 18 order on rehearing *1015 are legally insufficient to support a finding of bad faith on the part of the employer and carrier. On the other hand, it does not appear that the employer and carrier had adequate opportunity to present evidence to dispute the inferences of bad faith drawn from the file by the deputy commissioner. Claimant’s counsel did not ask the deputy commissioner to judicially notice any pleadings, orders, or other matters in the file in support of the bad faith claim, and no other evidence of bad faith was offered by claimant’s counsel at the attorney’s fee hearing. In short, because claimant’s counsel presented no evidence or argument respecting the legal basis for awarding attorney’s fees against the employer and carrier, the employer and carrier had no occasion to adduce any evidence in rebuttal.
The employer and carrier contend that claimant was required to introduce original evidence of bad faith at the attorney’s fee hearing, even to the point of offering in evidence the pleadings, transcripts of testimony, documents, and orders from prior proceedings that claimant intended to rely on as proof of bad faith. We conclude, however, that to prove bad faith a claimant need not duplicate matters already in the record. It is sufficient that the deputy commissioner be asked to judicially notice, and thus consider, matters of record in prior proceedings. It is appropriate, however, that the party intending to rely on such matters identify the specific pleadings, orders, or evidence to be considered by the deputy at the attorney’s fee hearing and thereby afford the opposing party an opportunity to explain or contradict such evidence in the context of bad faith. Because this procedure was not followed below, and the employer and carrier were left with no reasonable opportunity to present a case in rebuttal, we find it necessary to reverse and remand for redetermination of the issue of bad faith.
We find no merit to the employer and carrier’s second point, challenging the amount of fee. Section 440.34(1) provides that a deputy may, after considering the factors enumerated therein, award an attorney’s fee in excess of the statutory amount. The deputy followed the statutory procedure, and the amount awarded was supported by the record. We find no abuse of discretion.
Regarding the third point, all parties agree that the record fails to contain any evidence of the costs taxed. On remand the deputy commissioner should receive evidence on this issue and disallow the costs not proven.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.