WIGGINTON, Judge.
The deputy commissioner’s order directing the employer/servicing agent to pay the outstanding medical bills for remedial care and treatment rendered by Doctors Tingle and Hooshmand is affirmed as based on competent and substantial evidence but only to the extent that it relates to remedial care and treatment rendered by these doctors up until August 10, 1983, the date of maximum medical improvement. Insofar as the award of payment of medical bills for remedial care and treatment extends beyond the date of MMI, it is improper. See City of Gainesville v. Helton, 458 So.2d 1195 (Fla. 1st DCA 1984). Contrary to claimant’s assertion, the deputy’s order does not contemplate palliative care.
We also reverse that portion of the order directing the employer/servicing agent to pay for drugs prescribed by Doctors Hooshmand and Tingle in the sum of $386.56. Such order is inappropriate for two reasons. First, the record indicates that a portion of that amount belongs to drugs prescribed not by Dr. Tingle but by Dr. Little, an unauthorized physician. Further, to whatever extent the remainder of that amount relates to prescriptions written by Dr. Hooshmand following the date of MMI, it too should be reversed.
Nonetheless, we affirm the award of attendant home health care as claimant’s need therefor arises from his industrial in *821 jury and the award is based on competent and substantial evidence. However, as claimant concedes, payment for attendant care should not include those periods of time when claimant was hospitalized and treated for unrelated conditions.
Finally, we must reverse the award of attorney’s fees as this claim for payment of bills relates back to an initial claim for benefits and medicals, and the mere fact of the subsequent settlement of benefits should not change the posture of the claim to one for medicals only.
For the foregoing reasons, the order is affirmed in part and reversed in part without prejudice to claimant to seek palliative treatment as provided by statute and not prohibited by the statute of limitations. Killebrew Manufacturing Company v. Dawson, 401 So.2d 876 (Fla. 1st DCA 1981).
SMITH, C.J., and SHIVERS, J., concur.