SMITH, Judge.
The employer/carrier appeal, and claimant cross-appeals orders awarding bad faith attorney’s fees and attendant care benefits in a worker’s compensation proceeding. We affirm in part and reverse in part.
On April 27, 1987, the 53-year-old claimant, working on building maintenance, was climbing to the roof of a building to check on a leak when he fell approximately twenty feet, hitting a concrete floor. He suffered serious injuries, including a fractured right hip and left shoulder blade, and head injuries resulting in brain damage. The claimant’s accident resulted in chronic encephalopathy, a degenerative disease of the brain. His physical and mental injuries have rendered him permanently and totally disabled. Following his release from the hospital, where he underwent hip surgery, the claimant has remained at home under the care of his wife, who provides for his daily personal needs, and also administers his medications and physical therapy.
On appeal, the E/C challenge both the twenty-four hour daily attendant care by the claimant’s wife, as well as the award of the hourly rate of $5.00 per hour. Preliminarily, we find the award of twenty-four hours daily care by the wife abundantly supported by the evidence of record, as partially recited in the JCC’s order.
As to the $5.00 hourly rate, the E/C urge that since the wife is unemployed, the hourly rate is limited to the federal minimum wage under section 440.13(2)(e)(l), Florida Statutes (1988). We disagree. The JCC based the award of $5.00 per hour upon a stipulation between the parties dated June 27, 1988, in which the hourly rate was fixed at $5.00 per hour for care by claimant’s wife, and upon the order dated September 9, 1988, in which the JCC approved the stipulation. In the order under *1370 appeal, the JCC found that since the parties had previously stipulated to the $5.00 hourly rate, with no evidence presented to the contrary, the applicable rate would be $5.00 in accordance with the prior order. The JCC noted additionally that the hourly rate was never raised as an issue during the proceeding before him.
As to the extent of the award, the E/C contend that it was error to award twenty-four hour daily care for seven days a week in that this court has “consistently limited” attendant care by a claimant’s spouse to sixteen hours per day. The E/C cite for authority this court’s decisions in Pre-stressed Decking Corp. v. Medrano, 556 So.2d 406 (Fla. 1st DCA 1989); Aino’s Custom Slipcovers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988); Amador v. Parts Depot, Inc., 508 So.2d 1320 (Fla. 1st DCA 1987); and Dalton v. Orange County Sheriff, 503 So.2d 406 (Fla. 1st DCA 1987). The E/C’s argument overlooks this court’s decision in City of North Miami v. Towers, 557 So.2d 112 (Fla. 1st DCA 1990), in which the court specifically discussed each of the cases cited by the E/C, and concluded that prior decisions of this court “do not in a proper case foreclose an award of twenty-four hours of daily care.” The court then reversed an award of sixteen hours daily care, and ordered an award of twenty-four hours of daily care by the claimant’s wife. See also, Firestone Tire & Rubber v. Knowles, 561 So.2d 1293 (Fla. 1st DCA 1990).
Even if the twenty-four hour attendant care award was justified under the evidence, however, the E/C contend that the JCC’s order was in error insofar as it extended twenty-four hour daily care beyond October 1, 1989, the effective date of section 440.13(2)(e)(2), Florida Statutes (1989). That statute, effective October 1, 1989, limited the award of attendant care to the spouse of a claimant to twelve hours daily. The claimant concedes it was error to award twenty-four hours daily care after October 1, 1989. The claimant does not concede, however, that the award must be limited to the statutory twelve hours daily under the circumstances of this case. Instead, the claimant argues that the award should be reduced only to sixteen hours daily because of the prior stipulation of the parties, approved by order of September 9, 1988, providing for sixteen hours daily attendant care.
We agree with claimant’s contention as to the effect of the 1988 statute under the facts of this case. The order appealed in this case was in effect a modification of the September 9, 1988 order which approved a stipulation calling for sixteen hours daily care. The order modified the prior award, however, only to the extent that the prior order limited attendant care to sixteen hours a day. The claimant had earlier filed a claim seeking twenty-four hours daily care. Giving operative effect to the statute, therefore, does not require reduction to twelve hours of care per day. The statute did not revoke prior awards based on stipulations valid when made and approved by the JCC, providing for payment in excess of the twelve hour statutory limitation. See Howard Johnsons v. Pineda, 560 So.2d 336 (Fla. 1st DCA 1990).
We have not overlooked the E/C’s contention that it would be inconsistent to rely upon the parties’ prior stipulation in order to uphold the $5.00 hourly rate, but to disregard the stipulation insofar as it limited attendant care to sixteen hours daily. As we have noted, the JCC expressly relied upon the stipulation, and the order approving it, dated September 9, 1988, in fixing the $5.00 hourly attendant care rate. However, we find no inconsistency. We observe, first, that the E/C have not shown that this argument was raised in the hearing below; in fact, the record discloses that the E/C exerted every effect to have the sixteen hour daily award reduced to twelve hours daily. The E/C’s petition for modification to effect this reduction was specifically denied by the JCC’s order. Next, we observe that the claimant’s attorney announced at the commencement of the hearing below (as stated in the E/C’s brief, *1371 page 29, quoting from the transcript), that there were basically three issues before the judge: “... One is the modification to 24 hours a day of attendant care.... ” It is clear, moreover, that the posture of the case before the JCC below, as presented and argued by counsel for the parties, was that of a proceeding seeking modification of the sixteen hour daily attendant care limitation. We find nothing in the record or the JCC’s ruling on the issues which would undermine the stipulation and prior order for sixteen hours attendant care, seven days a week.
Turning to another issue, we find there is merit to the E/C’s contention that the claim tried below could not be considered a “medical only” claim for the purpose of awarding attorney’s fees under section 440.34(3)(a), Florida Statutes. We do not agree with the E/C’s contention that this court has previously held that a claim for attorney’s fees must expressly state that it is based upon the “medical only” statutory provision. The E/C cite Haas v. Seekell, 538 So.2d 1333 (Fla. 1st DCA 1989); Turnberry Isle Country Club v. Reyes, 510 So.2d 1012 (Fla. 1st DCA 1987); Teitelbaum Concrete v. Sandelier, 506 So.2d 1122 (Fla. 1st DCA 1987); and Lehigh Corp. v. Bird, 397 So.2d 1202 (Fla. 1st DCA 1981). These cases hold only that a claim based upon the bad faith provision, section 440.34(3)(b), Florida Statutes (1987).
This court has held, however, that where a claim for medical benefits only relates back to an initial claim for compensation benefits and medical costs, the mere fact of the subsequent settlement of the compensation benefits does not change the posture of the claim to one for medicals only. City of Gainesville v. Helton, 543 So.2d 820 (Fla. 1st DCA 1989). Arguably, the circumstances here are unlike those present in City of Gainesville. Here, although the original claim sought a determination of permanent total disability, and twenty-four hour attendant care, this claim was entirely adjudicated or rendered moot prior to the filing of the instant “medical only” claim. That is, the claim for twenty-four hour per day attendant care was adjudicated by the order of September 9, 1988, approving the stipulation for sixteen hours per day; and the claim for permanent total disability was rendered moot by the E/C’s acceptance of permanent total disability on December 19, 1988. The present claim, as claimant points out, sought nothing but an increase of the daily attendant care award from sixteen hours to twenty-four hours per day. Attendant care is considered a medical benefit. May v. Broward Correctional Institution, 513 So.2d 723 (Fla. 1st DCA 1987). In view of our ruling upholding the award of attorney’s fees based on bad faith, however, we find it unnecessary to make a determination of whether the attorney’s fees award on a “medical only” basis was also justified.
We agree with the E/C, however, that it was error to apply an inflation factor in computing the future value of attendant care for purposes of the attorney’s fee award. Tri-State Motor Transit Co. v. Judy, 566 So.2d 537 (Fla. 1st DCA 1990).
As for the finding that the E/C acted in bad faith in the handling of the claim, the JCC’s order specifically detailed evidence of neglect, failure to investigate, and disregard of the claimant’s completely debilitated condition, resulting in failure and refusal to provide payment for needed attendant care, and inordinate delay in accepting the claimant as permanently and totally disabled. We find no abuse of discretion in the award of attorney’s fees on this ground.
In summary, we affirm the award of twenty-four hour attendant care from April 7, 1989 (the date specified in the JCC’s order) to October 1, 1989, but order that attendant care thereafter by the spouse be reduced to sixteen hours per day, without prejudice to the claimant’s right to apply for outside professional care to provide for all care needed in excess of sixteen hours per day. We also affirm the award of *1372 attorney's fees based upon bad faith, but remand for recalculation of the amount of attorney’s fees due based upon reduction of the attendant care benefits to sixteen hours per day after October 1, 1989, and further reduced by elimination of the inflation factor in computing the future value of attendant care benefits.
AFFIRMED in part and REVERSED in part, and REMANDED for further proceedings.
WIGGINTON and BARFIELD, JJ., concur.