**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**Roy Wilson ROBERTS and Bettye Roberts, Appellees.**

**No. 6902.**

Court of Civil Appeals of Texas, El Paso.

April 16, 1980.

Rehearing Denied May 7, 1980.

Rassman, Gunter & Boldrick, P. C., James P. Boldrick, Leslie G. McLaughlin, Midland, for appellant.

John Hoestenbach, Odessa, for appellees.

OPINION

WARD, Justice.

This is a worker's compensation case where the issues on appeal are whether the

evidence supports the verdict of the jury that the claimant's wife was entitled to $30,000.00 as the reasonable value of her nursing services rendered to him during the two years from February 21, 1977, to February 20, 1979. The trial Court rendered judgment on the jury verdict for this amount, and we affirm.

The Plaintiffs, Mr. and Mrs. Roy Roberts, and the carrier, United States Fidelity & Guaranty Company, stipulated that Mr. Roberts was totally and permanently incapacitated, and qualified for the maximum amount of benefits. The evidence showed without dispute that Mr. Roberts was injured in a drilling rig explosion on January 9, 1977, as a result of which he was blinded, his skull was fractured, and he was badly burned. It was further shown that a lung was collapsed, that his eardrums were ruptured and perforated, his sense of balance was impaired, and he became permanently dizzy. The explosion embedded his skin and tissues of his arms and upper part of his body with literally thousands of pieces of fine steel or hairlike wires. Additional Plaintiffs' testimony established the fact that Mr. Roberts required constant care, that he was unable to move about without assistance because of his impaired sense of balance, that he had an acute fear of moving or of falling, and that there was a danger in his moving without assistance due to the loss of his equilibrium, as the head fracture and subsequent operation left him with an unprotected area in his skull.

Mrs. Roberts testified that she had never worked out of the home, and that they lived in a trailer located four miles outside of Midland; that during the period of time in question, she had never been able to leave him alone, and that she had learned how to care for him on a 24-hour basis; that he required her assistance from the time that he woke in the morning until the time when he went to sleep; that he could not rise in the morning or dress himself due to his defective sense of balance; that he had to be assisted in all of his moving about, including his going to the bathroom. She had to help him while he was in the shower, assist him in shaving, and at each meal had to cut all his food and place it in separate bowls so he could find it and know what he was eating. She walked him for his exercise, and helped him with his cigarettes. The wife had to remove thousand of small hairlike wires that were periodically surfacing in his skin, and it was a condition which caused considerable discomfort. Each day, she was required to remove, clean and re-insert an artificial eye. She gave him eye drops several times a day, rubbed him daily with lotion where he had first, second and third degree burns and a skin graft, gave him medication four times a day and sleeping pills when necessary. Mr. Roberts had received cassettes for amusement and study, and she had to start, eject and generally operate the machine. He could not even brush his own dentures or cut his nails, and his wife did these basic things for him. As a result of the injuries, Mr. Roberts was terribly depressed, and his wife spent considerable time consoling him and attempting to help him with his mental worries.

By the first three points, the Appellant challenges the legal and evidentiary sufficiency of the evidence to support the jury finding that $30,000.00 was the reasonable cost of the services rendered for the reasonably required nursing services. The parties recognize the established rule to be that a wife cannot recover for those services which a wife normally renders to an able bodied husband, but can recover for those types of nursing services which are usually performed by a person engaged in the nursing activity. *Transport Insurance Company v. Polk*, 400 S.W.2d 881 (Tex. 1966); *Finch v. Texas Employers' Insurance Association*, 564 S.W.2d 807 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). Interwoven with the Appellant's points is a basic argument that the wife was attempting to recover for those services which were a part of her ordinary marital obligations, and we have examined the evidence with that argument in mind and with the points as presented regarding the reasonableness of the charges.

Dr. Hilliard, one of the treating physicians, after describing the injuries and disabilities involved, stated that Mr. Roberts needed constant 24-hour a day care and attention. He readily admitted that he was not referring to the type of attention that a registered nurse would give, but that which would be offered by a practical nurse or a sitter.

Mrs. Ashford, of the Upjohn Health Care Services in Midland, qualified and gave her opinion that for a practical nurse or non-certified individual caring for a patient who required 24-hour a day attention the reasonable cost in Midland for that type of service would be $4.68 an hour from February 21, 1977, until October 21, 1978, and $5.85 an hour after that.

On the other hand, Appellant's witness, Mr. Ulrich, the Administrator of the Midland Memorial Hospital, qualified and valued the type of services which had been rendered by Mrs. Roberts to Mr. Roberts as being in the neighborhood of $450.00 to $600.00 a month, and that such care as provided in a nursing home would not exceed $550.00 a month.

We hold that the jury was entitled to believe that Mrs. Roberts was performing those services that a qualified vocational nurse or trained sitter would have performed in the patient's home in addition to her household duties, and that the amount set was within the range of the testimony offered for the pay to a sitter or vocational nurse. As an example, the amount of the award approximates the rate of pay of $4.10 an hour, ten hours a day, seven days a week for the two full years under discussion. Having considered the evidence and inferences arising therefrom which support the jury findings, we overrule the legal insufficiency point, and, after reviewing all of the evidence, the factual insufficiency points are likewise overruled.

The Appellant's last point asserts that the verdict was excessive and that, based upon the evidence, this Court should order a remittitur of a portion of the judgment. Admittedly, the amount awarded is high, but we decline to hold it is excessive under the evidence discussed. *Transport Insurance Company v. Polk*, supra; *Standard Fire Insurance Company v. Simon*, 474 S.W.2d 530 (Tex.Civ.App.—Dallas 1971, no writ); *Home Indemnity Company v. Draper*, 504 S.W.2d 570 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). The point is overruled.

The judgment of the trial Court is affirmed.