TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellant,

v.

Samuel E. CHOATE, Appellee.

No. 07–81–0165–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 29, 1982.

Gibson, Ochsner & Adkins, James H. Doores, Amarillo, for appellant.

Wellborn, Houston, Perry & Adkison, Rex Houston, Henderson, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This workers' compensation case presents two questions: (1) is a jury award of $18,300.00 for nursing services furnished by the wife of the injured worker supported by the evidence and, if so, (2) is the award so excessive that a remittitur is necessary? We answer the first question in the affirmative, the second question in the negative and affirm.

 Initially we will review the evidence and resolve appellant Texas Employers Insurance Association's first two points of error. By these points, it contends there is no evidence or, alternatively, insufficient evidence to support the jury's answer to the single issue submitted to it, which inquired about the value of the nursing services furnished by the wife.*

---

* In its second point, the insurance company also contends that the verdict is against the great weight and preponderance of the evidence. That contention presents nothing for review. When the appellee has the burden of proof on an issue, as the worker did here, the appellant attacks an adverse answer by contending that there is either no evidence or insufficient evidence to support the answer. When the appellant has the burden of proof on an issue, however, it attacks an adverse answer by contending that it either conclusively established the fact in question or established it to such an extent that the jury's failure to find the fact is against the great weight and preponderance of the evidence. *Compare Garza v. Alviar,* 395

In considering the points, we are guided by well settled rules of appellate review. The "no evidence" point presents a question of law that requires the appellate court to consider only the evidence and inferences tending to support the finding under attack and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). The "insufficiency" point, on the other hand, invokes a broader standard that requires this court to consider all of the evidence in order to determine whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Id.* After applying those standards, we are satisfied the verdict has proper support in the evidence.

The worker, appellee Samuel F. Choate, is, by admission of the insurance company, totally and permanently disabled. His injury occurred on January 3, 1979, when he came in contact with a live wire while working on some electric lines damaged in an ice storm. Choate was hospitalized from January 3 to March 7, 1979, with the first seven days spent in intensive care. After his release from the hospital, he spent a number of months recovering at home. As a result of the electrical burns, he lost his right arm, shoulder and shoulder socket and the thumb and small finger of his left hand. Because of the burns to his left arm, the wrist is stiff and the three remaining fingers have no feeling and limited function. Although Choate can grip some small light objects with the left fingers by using an artificial thumb stump, he is essentially a man without arms. Despite his injuries, which the insurance company admitted prior to trial resulted in his total and permanent disability, Choate returned to work approximately a year after the accident and now works an eight to ten hour day in a supervisory capacity.

■ Choate's wife, Emma Choate, performs the normal activities of a housewife, for which no compensation is recoverable. *Finch v. Texas Emp. Ins. Ass'n,* 564 S.W.2d 807, 809 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). However, Choate presented evidence that his wife has also performed a daily group of activities since his injury that cannot be considered the normal work of a housewife under any circumstances. It is those services for which Choate seeks compensation. The parties agree that, in a worker's compensation case, the injured worker may be compensated under § 7 of art. 8306 Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982) for nursing services that are reasonably required, even if the nursing services are provided by the workers' spouse. *Transport Insurance Company v. Polk,* 400 S.W.2d 881, 884 (Tex.1966). They do not agree, however, on Choate's entitlement to recovery under the evidence in this case.

After Choate was removed from intensive care, but while he was still in the hospital, Mrs. Choate, who is trained as a nurse's aide, spent approximately fifteen hours a day with him. She performed numerous services that the floor nurses did not have time to perform, such as bathing, feeding, checking temperature, and entering information on the hospital chart. When Choate returned home, his wife began the routine that continued up to the time of trial. Without detailing the numerous activities, it fairly summarizes the evidence to say that Mrs. Choate performs almost every activity for her husband that requires the use of hands or arms during the hours when he is at home and awake. Her services range, for example, from putting toothpaste on his toothbrush in the morning to cleaning him after a bowel movement to turning down the bed, arranging his pillow and helping him into his pajamas at night.

S.W.2d 821, 823 (Tex.1965), with *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973), and *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304, 305–06 (1960). *See also* O'Connor, *Appealing Jury Findings,* 12 Hous.L.Rev. 65 (1974). As indicated by the foregoing cases, the same standards are applied to an "insufficient evidence" review that are applied to a "great weight and preponderance" review.

Although there is very little dispute about the services Mrs. Choate performs for her husband, there is substantial dispute about the amount of time she spends performing those services. Choate testified at the trial that his wife spends five hours a day or more helping him. Mrs. Choate estimated two to three hours a day. The insurance company presented a registered nurse who, after timing persons performing many of the services performed by Mrs. Choate, estimated that 40 minutes a day was sufficient time to perform most of the services. She admitted on cross-examination, however, that it was doubtful a person could be hired for just 40 minutes a day; rather, someone would have to be hired by the week or by the day to be available intermittently as needed.

There is also considerable disagreement about the value of Mrs. Choate's services. A registered nurse testifying as an expert witness for Choate stated that, in her opinion, the usual and customary charge in the area for someone performing comparable services would be from four dollars per hour up to "even eight, ten, maybe even fifteen, depending on what's needed for the services." The insurance company's expert nurse testified, on the other hand, that a nurse's aide was paid $3.14 an hour in 1979, $3.24 an hour in 1980, and $3.49 an hour in 1981 for performing comparable services.

To resolve the foregoing dispute the court submitted one special issue to the jury. That issue, and the jury's answer, are as follows:

1. What do you find to be the reasonable value in Swisher County, Texas, of any reasonably necessary nursing services rendered by Mrs. Choate from January 10, 1979, until the present?

(Answer in Dollars and Cents, if any)

Answer: $18,300.00

You are instructed that the term "nursing services" includes all those services usually performed by a person engaged in nursing activity, if any, performed by Mrs. Choate as required by Mr. Choate's condition resulting from the injury or injuries in question.

You are further instructed in your consideration of this issue that you are not to take into consideration any services performed by Emma Choate as the usual domestic services performed by a wife.

It is apparent from the foregoing summary that the jury's award is well within the range of the evidence. The jury was entitled to believe as much of each witness' testimony as it found to be credible. *Pickens v. Baker,* 588 S.W.2d 406, 409 (Tex.Civ. App.—Amarillo 1979, no writ). Thus, at one extreme, it could have believed Mr. Choate's estimate that his wife spent five hours a day assisting him and his expert's testimony that those services were worth fifteen dollars an hour, and arrived at a verdict in excess of $60,000.00 as the value of Mrs. Choate's services. At the other extreme, it could have believed the insurance company's estimate of 40 minutes per day and its valuation of the services at from $3.14 to $3.49 per hour and arrived at a figure of less than $2,000.00. It also could have believed that Mrs. Choate provided nursing services fifteen hours a day while he was in the hospital and five hours a day after he returned home, and that those services were worth $4.00 an hour, and arrived at a verdict of approximately $18,-500.00. Regardless of the mental process employed by the jury, it is apparent that its verdict of $18,300.00 is within the range of the evidence. Thus, there is evidence, it is sufficient and we cannot disturb the verdict.

The insurance company's primary attack on the evidentiary support for the verdict is grounded on acceptance of either the time estimate or the valuation estimate advanced by its expert witness. Using various combinations of its evidence and Mr. Choate's evidence, the company demonstrates verdict possibilities considerably below the figure found by the jury. Certainly if the jury had made one of the findings demonstrated by the company, that also would have been sustainable as being within the range of the evidence. We find nothing, however, that compels the jury or

this court to accept as true any part of the company's evidence or disregard as false any part of Choate's evidence. A clean and clear cut factual dispute was presented and the fact finder resolved it. *United States Fidelity & Guaranty v. Roberts,* 598 S.W.2d 49, 51 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.).

The company also argues that, as a matter of law, there should be no recovery for nursing services Mrs. Choate provided while Choate was in the hospital. It says it would be grossly unfair to require the company to pay for her services when he was already in a fully staffed hospital.

 Under § 7 of art. 8306, Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1982) the company is required to provide such nursing "as may reasonably be required . . . ." We are convinced that, under § 7, a wife may recover for nursing services she provides for her husband, even in the hospital, if there is evidence that those services were reasonably required. In this case, Mrs. Choate described the services she performed and testified that she performed them because hospital nurses were very busy, working ten hour shifts, and sometimes did not get the things done that should have been done. Her testimony is sufficient to raise a fact issue on the need for the services and the jury was entitled to consider that evidence in reaching its decision.

 The company also argues that a wife should only be compensated for the time she actually spends doing things for her husband and not for the time she is simply available to help him if he needs help. The first problem with the argument is that, if accepted, it would not change the result here because Choate testified that his wife spends five hours a day helping him. The more practical problem with the argument is that it ignores the realities of the situation. Mrs. Choate cannot set aside 40 minutes a day, take care of Choate and then go on to other things. She must be available to meet his needs during the entire time he is at home and awake. As the company's own witness admitted, a third person hired to do what Mrs. Choate does could not be

hired or compensated on the 40 minutes per day basis now advanced by the company; instead such a person would be hired by the day or the week and paid for the time during which he or she is available, not just the time spent actually helping Choate. Grounds of error one and two are overruled.

By its final point, the company contends the verdict is so excessive that a remittitur should be ordered. As we have demonstrated in the foregoing review, however, there was evidence that the services were necessary and there was evidence of the reasonable value of those services. We are not willing to conclude that a verdict within the range of such evidence is so excessive that a remittitur is required. *United States Fidelity & Guaranty v. Roberts, supra.* Ground of error three is overruled.

The judgment is affirmed.