476 So.2d 1385 (1985)
STANDARD BLASTING & COATING and Claims Center, Appellants/Cross-Appellees,
v.
David J. HAYMAN, Appellee/Cross-Appellant.
No. BE-127.
District Court of Appeal of Florida, First District.
October 29, 1985.
*1386 B.C. Pyle, Orlando, for appellants/cross-appellees.
H. Guy Smith and C. Kenneth Stuart, Jr. of H. Guy Smith, P.A., Lakeland, for appellee/cross-appellant.
BARFIELD, Judge.
In this workers' compensation appeal the principal issue raised by the employer/carrier is whether it is proper to award attendant care by a spouse and other relatives who, in effect, are on call even though they can be doing other household chores which would not otherwise be compensable. We hold that the award of attendant care under the circumstances of this case was proper. We find no reversible error in the issues raised on cross-appeal.
Claimant was injured on January 30, 1984, when he inhaled a large quantity of toxic spray paint. There is no issue as to the compensability of the accident.
Claimant was hospitalized and his condition rapidly deteriorated. His treating physicians diagnosed substantial permanent brain damage.
Dr. McClane, claimant's psychiatrist, stated that claimant has an IQ of 50 and the intellectual function of a three-year-old. He feels that claimant needs "a responsible adult ... to minimize major external stresses and then to watch him to be sure he doesn't wander off and get into trouble or drive a car or get involved with fire or something like that." He feels the best situation for claimant is supervision by his wife but recognized the negative effects this has on her. He recommended that claimant's mother and father assist her.
Dr. Malzone, a neurologist, also treated claimant and found him to be functioning at a very primitive level. He described claimant as dangerous and in need of support and monitoring 24 hours per day. If it were not for the assistance of his wife, claimant would have to be institutionalized.
Claimant's wife testified that he can dress himself (if she lays out his clothes) and feed himself (if she puts food in front of him). She shaves him and bathes him and helps him with toilet chores. She monitors his medication and makes sure he takes it. She observes him to make sure he does not hurt himself (he had burned himself and cut himself after returning home). She testified that he sleeps approximately 6 hours per night.
Earlier cases stand for the proposition that ordinary household chores which would have been provided anyway are not compensable. See, e.g., City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982). The 1983 legislature amended Fla. Stat. § 440.13(2)(d) to make clear that this is its legislative intent.[1] More recent cases state that the deputy must try to apportion the time so that employer/carrier pay for attendant care but not ordinary household duties. Sealy Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985); Don Harris Plumbing Co. v. Henderson, 454 So.2d 745 (Fla. 1st DCA 1984).
The problem with this analysis is that Mrs. Hayman is, in effect, most probably doing two things at once. That is, even though she might be cooking or doing laundry or whatever, she is simultaneously monitoring her husband's whereabouts and activities to insure that he does not injure himself. The question, then, is whether she should be compensated for all of her hours even though during some of the time she is "actively" doing ordinary household chores and "passively" providing attendant care.
We find no Florida appellate opinions treating this question, although Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla. 1961) *1387 is very similar on its facts and the wife was awarded payment for "around-the-clock" care of her injured husband.[2]
Although Professor Larson does not discuss this discrete question in his text[3], his footnotes provide citation to two cases from other jurisdictions which support the deputy's order. The first is Brown v. Eller Outdoor Advertising Co., 111 Mich. App. 538, 314 N.W.2d 685 (1981). Claimant was a quadriplegic who required frequent assistance and someone always on "standby." The issue on appeal was whether Mrs. Brown should be compensated for all of her time and the court answered the question affirmatively:
Thus, the fact that a spouse is able to perform household tasks during those times when not actually in attendance with the patient is irrelevant under the circumstances of this case. If the services were provided by someone other than plaintiff's wife, that person would, we assume, pursue his or her own interests within the limits of the job. Such person might read, knit, watch television, or nap during those times in which he or she is simply "on call". The fact that Mrs. Brown might use her "on call" time to perform household tasks does not alter the "nature of the service provided" or the "need" for the service.
Id. 111 Mich. App. at 543, 314 N.W.2d at 688. A similar result was reached in Texas Employers Insurance Association v. Choate, 644 S.W.2d 112 (Tex. Ct. App. 1982). Mr. Choate lost the use of both arms in an industrial accident and Mrs. Choate was awarded compensation for the time (approximately five hours a day) that she spent in the household assisting her husband. The insurer presented evidence that the actual time spent performing the tasks was approximately 40 minutes per day and argued on appeal that recovery should be limited to a corresponding amount. Its argument was rejected:
The ... practical problem with the argument is that it ignores the realities of the situation. Mrs. Choate cannot set aside 40 minutes a day, take care of Choate and then go on to other things. She must be available to meet his needs during the entire time he is at home and awake. As the company's own witness admitted, a third person hired to do what Mrs. Choate does could not be hired or compensated on the 40 minutes per day basis now advanced by the company; instead such a person would be hired by the day or the week and paid for the time during which he or she is available, not just the time spent actually helping Choate.
Id. at 116. Both opinions make clear that the jurisdictions adhere to the rule that ordinary household services are not compensable.
We find the reasoning of the Michigan and Texas opinions persuasive and affirm the deputy's order.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] 1983 Fla. Laws ch. 83-305 s. 4. This may have been in response to the opinion to the contrary in Khawam v. Collision Clinics International, Inc., 413 So.2d 827 (Fla. 1st DCA), review denied, 419 So.2d 1196 (Fla. 1982), which can no longer be regarded as authoritative.
[2] The court described the wife's task as "almost constant attention demanded by him during his waking hours." 134 So.2d at 243. It did not expressly treat the question presented here. The rule that housekeeping services are not compensable was apparently first announced in South Coast Construction Co. v. Chizauskas, 172 So.2d 442 (Fla. 1965).
[3] 2 Larson, The Law of Workmen's Compensation § 61.13(d) (1983).