503 So.2d 406 (1987)
Harry DALTON, Appellant,
v.
ORANGE COUNTY SHERIFF and U.S. Insurance Group, Appellees.
No. BK-346.
District Court of Appeal of Florida, First District.
February 24, 1987.
*407 Douglas H. Glicken, Orlando, for appellant.
Steven A. Rissman and Robert C. Barrett, of Cooper, Rissman & Weisberg, Orlando, for appellees.
ZEHMER, Judge.
We review a workers' compensation order denying, in part, claimant's claim for benefits pursuant to section 440.13(2), Florida Statutes (1983), for attendant-care services performed by his wife, and denying his claim for attorney's fees for successful prosecution of his claim for medical benefits only, pursuant to section 440.34(3)(a), Florida Statutes (1983).
The order awarded attendant-care benefits for sixteen hours per day, seven days per week, compensable at the rate of five dollars per hour. The deputy found that this "is equivalent to or more than the amount a twenty-four hour a day live-in attendant would receive." The hours and rate were acceptable to the employer and carrier, and these benefits were ordered prospectively from March 1, 1985. The claim for benefits from the date of the accident, January 10, 1984, through February 28, 1985, was denied upon the deputy's finding that the parties have settled that issue.
Claimant contends before this court that no settlement was ever effected and proven in the record. The written stipulation purporting to evidence the settlement, filed as part of the supplemental record on appeal, fails to comply with rule 4.130, Florida Workers' Compensation Rules of Procedure, in that it was not signed by claimant or his attorney. Since it is abundantly clear that attendant-care benefits would be due for that period, we reverse the deputy's ruling in this regard and remand to determine the amounts of benefits due or to determine upon competent substantial evidence made part of the record that a settlement of such claim was, in fact, reached by the parties.
Claimant next contends that the court erred in awarding attendant-care services for sixteen, rather than twenty-four hours per day. Claimant's condition is such that he requires care twenty-four hours per day. Someone must be available to supervise and assist him at all times, even when he is sleeping at night, because he is unable to perform any functions for himself. At present, claimant's wife is providing all claimant's care, and has done so since April 1985. She is constantly "on call," even during night hours, to attend to her husband's needs. Accordingly, claimant contends, the deputy erred in not awarding attendant-care benefits for twenty-four hours per day, seven days per week.
We find no error, however, in the deputy's ruling on this issue. We recognize that the relatives of a claimant who are "on call" to provide attendant-care services may be reimbursed for their services *408 even though they are performing ordinary household chores at the same time. Standard Blasting & Coating Claim Center v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986). To this extent, therefore, claimant's wife is entitled to compensation for the full-time performance of the attendant-care services she is providing on an on-call basis. The record reflects, however, and the deputy determined, that the wife's present compensation (calculated at $5 per hour, 16 hours per day, 7 days per week) is substantially equivalent to the cost of a hired full time live-in attendant. Accordingly, since the record contains competent, substantial evidence to support the deputy's determination of the value of the services claimant's wife is providing, we do not disturb his ruling.
Finally, we address the deputy's denial of claimant's attorney's fees under section 440.34(3)(a). It is undisputed that the claim was for medical benefits only, including the attendant-care services previously discussed. We recently stated that when a claimant prevails on a claim for medical benefits only, the employer and carrier become liable for an attorney's fee, without reference to the extent of fault or other reason given for denying payment of the claimed benefits. The fee for recovering medical benefits becomes due because the employer and carrier, in denying a medical claim later established to be well-taken, defeat the self-executing purpose of the workers' compensation statute and compel the claimant to employ an attorney to prosecute the medical benefits claim. Bacon v. Broward Employment & Training Administration, 501 So.2d 724 (Fla. 1st DCA 1987). In the instant case, the employer and carrier commenced paying attendant-care benefits at the rate approved by the deputy commissioner in June 1985, long before the hearing but after claimant's attorney had filed the claim for medical benefits and the deposition of his wife had been taken. Prior to filing the claim, the employer and carrier had been provided information showing the extent of the wife's services, which averaged approximately one hundred twelve hours per week. The employer and carrier, however, approved compensation for only fifty hours per week. It is undisputed on the record, therefore, that the increase in benefits was offered by the employer and carrier only as a consequence of the filing of the claim. Although the employer and carrier began paying the increased benefits prior to the hearing, claimant has nevertheless "prevailed" on the claim. The employer and carrier's agreement to pay more compensation may, however, be considered in determining the amount of services reasonably required of claimant's attorney. Accordingly, we reverse the denial of attorney's fees and remand for determination of a reasonable fee.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and SHIVERS, JJ., concur.