508 So.2d 1320 (1987)
Alejandro AMADOR, Appellant,
v.
PARTS DEPOT, INC. and Royal Insurance Company, Appellees.
No. BP-398.
District Court of Appeal of Florida, First District.
June 23, 1987.
*1321 L. Barry Keyfetz, of Keyfetz, Poses & Halpern, P.A., Miami, for appellant.
Karen M. Gilmartin, of Adams, Kelley & Kronenberg, Miami, for appellees.
MILLS, Judge.
Alejandro Amador appeals from an order of the deputy commissioner awarding attendant care by his wife for five hours a day, seven days a week, alleging that the award was an abuse of discretion in the face of evidence that attendant care was required twenty-four hours a day, seven days a week. Although we affirm the deputy's determination of entitlement to attendant care, we reverse the number of hours awarded and remand for entry of an award commensurate with the clear evidence in this case.
As a result of a fall occurring while employed by the Parts Depot, Inc. (E/C), Amador suffers from organic brain damage. His treating physician testified, without substantial contradiction that, as a result of the brain injury, Alejandro suffers a memory problem which affects all of his functioning, including remembering basic needs, such as bathing, toileting and eating. Further, he cannot be left by himself because he does not have the judgment not to wander off or harm himself. While he has the physical ability to take his medication, dress, eat and bathe (save for his lower body, which he cannot reach due to a spinal injury suffered in the same accident), he cannot remember to do any of these things by himself.
For example, he must be given his medication and told to take it; food must be prepared for him which he must be directed to eat as well as continually reminded to eat during the meal; he must have his clothes picked out for him, otherwise he attempts to wear inappropriate clothing; he has to be told to bathe as well as to undress before doing so and must have assistance bathing his lower body. He cannot be left alone for even a few hours, unless he is locked in, because he wanders off and cannot remember where he is. Everyone is a stranger to him save his wife, and he becomes frightened and restless whenever she leaves him for even a few minutes. He must also have assistance with exercises for half an hour, twice a day.
Although Amador sleeps at night from 10:00 p.m. to approximately 7:30 a.m., he suffers from insomnia and gets up every two to three hours; because of his need for supervision, his wife must get up with him. He also naps daily from 10:00 a.m. to 12:00 Noon and again for two hours in the middle of the afternoon. During all waking hours, he requires the services and constant supervision described above. It was the ultimate opinion of the treating physician that, without the twenty-four-hour-a-day care and supervision provided by his wife, Alejandro would have to be institutionalized. Mrs. Amador had given up a $50.00 per day private nursing career when her husband was injured because of this need for her constant presence at home.
In his order on Amador's claim for attendant care services, the deputy found *1322 that he required supervision twenty-four hours a day, seven days a week to insure that he did not wander off, took his medication, ate, exercised, bathed and dressed. However, since her supervisory care "permitted other activities", the deputy concluded that Mrs. Amador should be compensated for only five hours a day, seven days a week. The hourly rate was set at $7.00 per hour and is not disputed on appeal.
We find this case clearly controlled by this court's decision in Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985) rev. den. 488 So.2d 68 (Fla. 1986). Hayman involved a brain-damaged claimant who, like Amador, needed responsible adult supervision to make sure he didn't wander off, drive, get involved with fire, etc. The claimant, like Amador, could feed himself if given food and dress if his clothes were laid out. His wife shaved and bathed him and administered his medication, as well as observed him to make sure he didn't hurt himself.
In response to the employer's appeal of an award of sixteen hours a day attendant care, the Hayman court noted a problem with the standard proposition that household chores were not compensable as attendant care when, as in Hayman, the attendant must do two things at once, even though she might be doing household duties, she must "simultaneously monitor her husband's whereabouts and activities to insure that he does not injure himself." Hayman at 1386. The issue in such a situation, stated the court, is whether the attendant should be compensated for all of her hours even though during some of the time she is "actively" doing ordinary household chores and "passively" doing attendant care.
The court relied on Brown v. Eller Outdoor Advertising Co., 111 Mich. App. 538, 314 N.W.2d 685 (1981) (the fact that the attendant might use "on call" time to perform household tasks does not alter the nature of the service provided or the need for the service) and Texas Employers Insurance Assn v. Choate, 644 S.W.2d 112 (Tex. Ct. App. 1982) (the appropriate consideration is the time which the attendant must be available, not the time actually spent helping the claimant) to affirm the award of sixteen hours a day, seven days a week.
In this case, Mr. Amador suffers from the same debilitating brain damage discussed in Hayman, and Mrs. Amador must perform the same duties and be as constantly available as the Hayman attendant. Without her help, Amador would have to be institutionalized. Therefore, under the Hayman rationale, Mrs. Amador should be compensated for all of the hours for which her constant supervision is required.
We find that, based on this record, the minimum number of hours awardable is twelve hours per day, seven days a week. Although Mr. Amador goes to bed at night at 10:00 p.m. and arises for the day at 7:30 a.m., ostensibly more than nine hours, the record is uncontradicted that, at least three times per night, Mrs. Amador must get up with him and perform the same supervision that is necessary during the day. We further note that, although Mr. Amador naps for four hours during the day, a full-time third-party caretaker would have to remain "on call" during that time. Therefore, the deputy may wish to consider adding that four-hour span to the twelve-hour award mandated earlier in this opinion. See Dalton v. Orange Co. Sheriff, 503 So.2d 406 (Fla. 1st DCA 1987) (sixteen hour a day award affirmed in face of demonstrated twenty-four hour a day need in that the amount awarded was the cost of a hired, full-time live-in attendant).
The award of five hours per day attendant care is reversed and the case remanded for further proceedings not inconsistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.