543 So.2d 277 (1989)
Robert WILLIAMS, Appellant/Cross-Appellee,
v.
AMAX CHEMICAL CORPORATION and Underwriters Adjusting Company, Appellees/Cross-Appellants.
No. 88-872.
District Court of Appeal of Florida, First District.
April 14, 1989.
*278 Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, and H. Guy Smith of H. Guy Smith, P.A., Lakeland, for appellant/cross-appellee.
Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa for appellees/cross-appellants.
MINER, Judge.
This case involves the timely appeal and cross-appeal of a workers' compensation order awarding attendant care. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
At the time of his compensable accident on April 2, 1984, claimant was a 52 year old mine mechanic. He was injured when a large piece of "concrete-like" material fell on his head, shoulder and wrist. A hearing on his claim for benefits was held on June 13, 1985 and on June 27, the deputy commissioner (dc) found that the accident aggravated a pre-existing seizure disorder, awarded permanent total disability benefits but, finding that claimant could attend to his own personal needs, denied his request for attendant care. This order was not appealed.
On June 18, 1987, claimant filed a petition to modify the June 27, 1985 order, alleging that there had been a deterioration in his condition to the point where he required 24 hour a day attendant care. A hearing was held on this petition on March 24, 1988. At the hearing, claimant offered the deposition testimony of Dr. Malzone, a neurologist, and Dr. Gonzalez, a psychiatrist. Both physicians testified Mr. Williams' memory function had substantially deteriorated since the earlier hearing. At the time of his deposition in February of 1988, Dr. Malzone described claimant as like a two-year old child possessing no memory faculties for more than a few seconds. He stated that as of January 29, 1987, Mr. Williams required 24 hour per day attendant care. According to Dr. Malzone, claimant did not require skilled care but rather what amounted to babysitting "as one would do for a two-year old child".
Dr. Gonzalez testified in similar fashion that claimant needed "someone to keep an eye on him to see that he keeps out of trouble. I think that if he's left alone, he constitutes a danger to himself".
Nurse Joann Weiss, an administrator for Upjohn Healthcare Services, whose employment involved visiting persons needing care and assessing the extent of such need, also gave deposition testimony. She visited Mr. Williams on two occasions and noted a dramatic change in his condition. She found him reasonably informative and receptive in 1985 but tearful and confused in 1987. After the 1985 visit she recommended companion care. After the 1987 visit, nurse *279 Weiss recommended a nursing assistant who could provide a more skilled level of care than could a companion. She suggested that such care be made available from 7:00 a.m. until 5:00 or 6:00 p.m. when claimant's wife of 25 years, Frances, was at work as office manager at a local Badcock furniture store. Thereafter, she recommended care during the night from 11:00 p.m.-7:00 a.m. She testified that the more skilled care could be obtained for $8.65 per hour with $5.00 per hour being paid to the worker. Companion care could be had for $7.50 per hour with the actual companion receiving $4.25 per hour.
Mrs. Frances Williams testified that she earned $240 per week plus overtime in her job and that during work hours claimant was left alone or under the not-so-watchful eye of her elderly mother who was herself experiencing health problems. She also verified the deterioration in her husband's condition since the earlier hearing. She described instances of claimant's night wandering and related incidents which could have produced tragic consequences. In July of 1987, Mrs. Williams was court appointed as her husband's guardian.
On March 30, 1988, the dc entered the order which is the subject of this appeal and cross-appeal. He found deterioration in claimant's condition which was causally related to his 1984 injury. The employer/carrier (e/c) was ordered to pay for attendant care at the rate of $4.25 per hour for four (4) hours per day, the award to run from January 29, 1987 to the present, with interest. The dc decided that the care required was in the category of housekeeping and babysitting as opposed to nursing care but offered no specifics to support his calculation of rates and hours, merely stating that "the evidence supports an award" of four (4) hours per day at $4.25 per hour.
On appeal, the claimant maintains that the dc erred in awarding only four (4) hours per day attendant care benefits and further that it was error to award $4.25 per hour companion care when the evidence supported $8.65 per hour nursing care. On cross-appeal, the e/c argued that the dc's finding that the deterioration of claimant's condition was causally related to his accident is not supported by competent, substantial evidence. They also take issue, as a matter of law, with the dc's assessment of interest on an award for attendant care services.
Since the issues raised on cross-appeal require less explication than those raised on appeal, we turn first to those issues. Finding that there is competent, substantial evidence in the record to support the dc's finding that the deterioration in Mr. Williams' condition is causally related to the compensable accident he suffered in 1984, we affirm on this issue without further comment. As to the dc's award of interest on the amount payable to claimant's wife for past services rendered, we first observe that no request for interest was made a part of claimant's petition for modification or claim for benefits. Hence, it was error for the dc to adjudicate a matter not in controversy. Moreover, our attention has not been directed to nor does our research reveal any authority for placement of interest on this type of award.
Section 440.20, Florida Statutes, which provides for interest and penalties is limited to "compensation". In Cox Oil and Sales, Inc. v. Boettcher, 410 So.2d 211 (Fla. 1st DCA 1982), we held that an award to the claimant's wife for past nursing services did not constitute "compensation" upon which penalties could be imposed. Although the instant case involves interest rather than penalties we believe such to be but a distinction without substantive difference. Even apart from the statute, Zafrilla v. Volare Shoes, Inc., 394 So.2d 146 (Fla. 1st DCA 1981), held that interest is payable on unpaid medical and hospital bills when, after a reasonable period of investigation, they should have been paid by the e/c. It comports with neither reason nor logic to extend this rule to a case where (1) there was an operative order denying claimant's right to attendant care, and (2) there was no bill of any ascertainable amount in existence as services were being rendered. Accordingly, with respect to the second issue raised in e/c's cross-appeal, we hold, that, under the law as it presently obtains, interest *280 cannot be assessed on an award for past attendant care services.
Resolution of the issues raised in claimant's appeal requires us to interpret the order appealed from. This is made necessary by the dc's failure to include in the decretal portion of his order any ruling on claimant's request for future attendant care. The award in question only requires the e/c to "pay claimant for attendant care at the rate of $4.25 per hour for four (4) hours per day from January 29, 1987, to the present, with interest from the dates same became due." Apparently, since the issue was not appealed, the parties are of the view that the dc's order did, in fact, award future attendant care notwithstanding its silence respecting such care. If the order be construed as awarding future care benefits, it must be reversed because the four (4) hour per day calculation for attendant care is unsupported in the record. Indeed, competent, substantial evidence supports around-the-clock companion supervision. If the dc's order is interpreted as denying future attendant care, the inquiry becomes (1) whether competent, substantial evidence supports the award to claimant's wife for past services, and (2) whether competent, substantial evidence supports the presumed denial of future attendant care benefits.
Assuming denial of requests for benefits not ruled upon, the dc's award for past care must be reversed because the order fails to demonstrate how the figure of four (4) hours per day was arrived at. In paragraph six of the non-decretal portion of his order, the dc suggests that some portion of the wife's services were within that class of activities that the law presumes to be gratuitously rendered by family members. Thus, it appears that he made some form of apportionment excluding routine household duties from the award. Although there is some older authority for such an apportionment, see Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985), more recently it has been held that "on-call" attendant care provided by a family member is not subject to such apportionment. In Standard Blasting and Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), the claimant was found to possess the intellectual function of a three-year old and required around-the-clock supervision to prevent his wandering off and injuring himself. This court recognized that the claimant's wife, in supervising her husband, was performing two tasks simultaneously. "That is, even though she might be cooking or doing laundry or whatever, she is simultaneously monitoring her husband's whereabouts and activities to insure that he does not injure himself." 476 So.2d at 1386. The court found that apportionment was not appropriate under such circumstances. This same reasoning was used in Amador v. Parts Depot, Inc., 508 So.2d 1320 (Fla. 1st DCA 1987). Since there is competent, substantial evidence to support the need for this type of on-call supervision from January 29 to the present, the award was in error to the extent that it reduced the actual time spent by claimant's wife supervising her husband. With regard to future attendant care, the "denial" if, indeed there was a "denial", must be reversed as well. There is no competent, substantial evidence to support the denial of attendant care or which suggests that claimant was not in need of constant supervision. Drs. Gonzalez and Malzone agreed that around-the-clock supervision was required.
As to the nature and the cost of the care, we find that the dc was correct in awarding $4.25 per hour for the wife's past services. These services were unskilled and in the nature of companion care. Testimony from nurse Weiss supports the estimate of $4.25 per hour for this kind of service. With regard to future attendant care, testimony from Drs. Gonzalez and Malzone would support an award of $7.50 per hour for outside care which figure was provided by nurse Weiss for such companion care. After October 1, 1988, payment for the wife's services must be governed by section 440.13(2)(e), Florida Statutes, (Supp. 1988) She may wish to quit her job and receive her present hourly wage to the extent that it does not exceed "the per hour value of such care available in the community *281 at large." § 440.13(2)(e)(2), Fla. Stat. (Supp. 1988). These matters however are more properly addressed on remand.
In sum, (1) we affirm the dc's finding of a causal connection between injury and deterioration of claimant's condition; (2) we affirm the dc's finding that the wife's past attendant care services constituted companion care to be compensated at the rate of $4.25 per hour; (3) we reverse the dc's award of interest on past attendant care service; (4) finding that claimant's wife should be compensated for all the time she spent with her husband for the period of time covered in the award of past attendant care, we reverse the dc's limitation of 4 hours per day and remand for further proceedings; (5) with regard to future attendant care, the dc's order must be reversed whether it is interpreted as an outright denial or as an award of only 4 hours per day. Competent, substantial evidence requires that claimant be provided companion care on an around-the-clock basis. In entering an order consistent with this opinion, the dc is instructed to take section 440.13(2)(e) into account.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS FOR FURTHER PROCEEDINGS.
BOOTH and JOANOS, JJ., concur.