557 So.2d 112 (1990)
CITY OF NORTH MIAMI, Appellant,
v.
Arthur TOWERS, Appellee.
No. 89-1820.
District Court of Appeal of Florida, First District.
February 8, 1990.
Rehearing Denied March 12, 1990.
*113 Robert L. Teitler, of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
David H. Levine and Roberto Rigal, Jr., of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellee.
ERVIN, Judge.
The employer/carrier ("E/C") appeals an order of the judge of compensation claims ("JCC") awarding, among other things, attendant care benefits to claimant's wife for eight hours per day between July 23, 1987 and February 1, 1988, and for sixteen hours per day from February 14, 1988 to date, at a rate of $8.00 per hour. Claimant cross appeals, contending that the JCC should have reimbursed claimant's wife for attendant care services for twelve and twenty-four hours of care during the respective time periods.
We reverse the award for attendant care benefits insofar as it relates to the amount ordered to be paid to claimant's wife, and remand for further proceedings on that issue. Additionally, we reverse the order as it pertains to claimant's cross appeal, in that we find a lack of evidence in the record supporting an award of eight and sixteen hours of daily attendant care. We affirm without discussion the remaining issues which the E/C has raised.
Claimant incurred a work-related injury to his back on April 7, 1983, while employed by the City of North Miami. Claimant underwent surgery for a lumbar laminectomy in February 1984, and additional surgery for spinal fusion and insertion of a Harrington rod in February 1988. Shortly thereafter, claimant required additional surgical procedures for reinsertion of the Harrington rod. Following this third surgery, claimant developed incontinence and decreased mobility.
Because of claimant's injury, he may walk only by holding onto the back of his wheelchair, and his wife must constantly be by his side either to prevent him from falling or at the least to break his fall. He also needs help in changing positions, both day and night, because of discomfort, in getting dressed and undressed, and in moving within and outside his home. His wife gives him his medication, including sleeping pills during the night if claimant cannot sleep. She will also sit up with him at night if he cannot sleep. Claimant's wife prepares his meals and is available to help him almost all of the time. After claimant became incontinent, his need for his wife's care increased dramatically. She testified that she now spends approximately twice as much time caring for her husband, and that such care includes helping claimant *114 change his clothes and/or bed linens when he soils himself, and then helping him clean up in the shower. This occurs three to four times per day, and between one and four times per night. She washes his linens daily.
The record thus shows, and the JCC specifically found, that claimant requires attendant care to perform nearly all of the normal chores of daily living. We surmise that the JCC nevertheless limited reimbursement to the wife for only eight and sixteen hours of daily care, rather than for twelve and twenty-four hours, based upon case law in which this court has affirmed awards for less than twenty-four hours of daily care, notwithstanding that the record has reflected that round-the-clock care was provided. Indeed, this court recently reversed an award for twenty-four hours of daily attendant care, despite proof that the claimant required that amount, and remanded for entry of an award for sixteen hours of care, citing case law that had previously issued from this court. Prestressed Decking Corp. v. Medrano, 556 So.2d 406, 407 (Fla. 1st DCA 1989) (motion for rehearing pending). It is nonetheless our view that the decisions this court relied upon in Medrano for its restriction of benefits to a time period less than twenty-four hours do not in a proper case foreclose an award for twenty-four hours of daily care.
For example, in Amador v. Parts Depot, Inc., 508 So.2d 1320 (Fla. 1st DCA 1987), the claimant was brain damaged and required constant supervision during the day, as well as frequent supervision during the night. Because of the extensive care claimant required from his wife, this court reversed the deputy commissioner's award of five hours per day of attendant care services and remanded, stating in the opinion that claimant's wife provided a minimum of twelve hours of daily care. The court observed that the JCC might want to include an additional four-hour period, representing the time his wife remained available while claimant napped. The court acknowledged that claimant's wife was essentially "on call" during the night as well, but did not similarly recommend that the JCC also take that nine-and-one-half hour period into consideration. Nevertheless, the award of attendant care benefits was left to the JCC's discretion, so long as it was greater than twelve hours.
In Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), review denied, 488 So.2d 68 (Fla. 1986), this court affirmed an award of attendant care without reciting the number of hours provided by the family member that were subject to reimbursement. This court later indicated in its Amador opinion that the order affirmed in Hayman had contained an award of attendant care benefits for sixteen hours per day. Hayman does not preclude an award of twenty-four hours of daily care, however, because this was not an issue for review before the court, and, moreover, the facts showed that claimant had need for his wife's services only during his waking hours.
In Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988), review denied, 544 So.2d 199 (Fla. 1989), the E/C appealed an order awarding attendant care benefits for twenty-four hours per day. This court reversed that award and remanded the case with directions for the JCC to consider evidence in the record disclosing that claimant's wife neither provided attendant care during those hours when her husband was at therapy, nor during the six hours per day when another attendant provided care to the claimant. In the case at bar, there was no evidence that another attendant ever relieved claimant's wife.
In another case, Dalton v. Orange County Sheriff, 503 So.2d 406 (Fla. 1st DCA 1987), claimant required supervision and assistance at all times during the day and night. Although claimant argued that the JCC erred in awarding sixteen, rather than twenty-four hours of attendant care, this court affirmed the JCC's order on that point, in light of the evidence that the award to the wife of $5.00 per hour, sixteen hours per day, seven days a week, was equal to or greater than the amount a live-in attendant would charge. Our decision in Dalton, however, did not constitute a holding that an award for attendant care services may never exceed sixteen hours *115 per day, but simply capped the wife's compensation by the value of full-time professional care in the community.
The evidence in this case supported an award to claimant's wife for twelve and twenty-four hours of daily care during the appropriate time periods, and we reverse the JCC's award limiting such benefits to eight and sixteen hours of attendant care.
The hourly value the JCC assigned to claimant's care is not, however, supported in the record. In the final order, the JCC determined that the wife's hourly compensation should be $8.00 per hour. He based this figure upon the wife's testimony that she was paid either $5.75 or $5.78 per hour at her former job with J.C. Penney, and that she had also been provided with health and life insurance, profit sharing, a pension plan, paid vacations and holidays, and a fifteen percent discount on store merchandise. Section 440.13(2)(e)2, Florida Statutes (Supp. 1988),[1] provides:
If the family member [providing attendant care] is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large.
Aside from the wife's general identification of the type of benefits she received at her former job, there was no further evidence of the specifics of each of these benefits; therefore it is difficult to see how the JCC arrived at the value of the additional benefits. Moreover, no evidence was presented regarding the hourly value of attendant or custodial care in the community, nor was any finding made regarding this factor, which may act as a cap to the wife's compensation award. Consequently, the JCC must make further findings regarding both the hourly value of the claimant's wife's former job, and the market value in Dade County of services similar to those she is now providing. If the JCC finds that the hourly value of the wife's former employment exceeds the per hour value of attendant care services available in the community at large, the amount awarded shall not exceed the market value of such services.
AFFIRMED in part, REVERSED in part, and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] No argument has been raised by either of the parties that the amended statute, which went into effect on October 1, 1988 (Ch. 88-372, § 2, Laws of Fla.), after the date of claimant's injury, is prospective only in its application.