557 So.2d 115 (1990)
BUILDERS SQUARE and KM Administrative Services, Appellants,
v.
Robert DRAKE, Appellee.
No. 89-1387.
District Court of Appeal of Florida, First District.
February 15, 1990.
Rehearing Denied March 23, 1990.
*116 Thomas A. Koval and Carla S. Matthews, of Moss, Henderson & Lloyd, Vero Beach, for appellants.
Robert C. Gray and O. John Alpizar of O. John Alpizar, Palm Bay, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
WENTWORTH, Judge.
The employer/carrier seek review of a workers' compensation order awarding claimant medical benefits, catastrophic loss benefits and attendant care for 24 hours per day. We find no error on appeal and affirm the order.[1]
Claimant sustained a compensable injury to his lower back which eventually required surgical treatment. Claimant underwent two surgical procedures on his spine, and in the course of his second surgery, his spinal cord had to be severed. As a result, claimant was rendered a paraplegic, and subsequently required both skilled and unskilled help in attending to most of the aspects of his life. We find competent, substantial evidence to support the judge's finding of a causal relationship between claimant's industrial accident and his subsequent paraplegia.
The judge awarded around-the-clock attendant care to claimant in order to provide him with assistance in his daily life. We find the testimony of claimant, his family, and his physicians sufficient to support this award. The evidence demonstrated that although the 69-year-old claimant had the use of his upper extremities, he required constant assistance in attending to his personal hygiene, obtaining medication, and moving from his bed to his wheelchair or to the bathroom during the day and at night. According to his physician, claimant needed to have someone on call and available at all times to assist him or to clean up after him when the need arose. Thus, the award of attendant care 24 hours per day was proper. See City of North Miami v. Towers, 557 So.2d 112 (Fla. 1st DCA 1990). See also Standard Blasting & Coating v. Hayman, 476 So.2d 1385 (Fla. 1st DCA 1985), where this court noted that it is proper to award attendant care for the hours when a spouse is required to be on call and available to attend to the claimant's needs even if the spouse is engaged in otherwise non-compensable activities at home.
In addition, although the employer/carrier provided a nurse and an aide for short periods occasionally during the week to take care of claimant's bedsores and to provide assistance in bathing claimant, his daughter remained in attendance at those times in order to assist and to learn new skills to help her father. Under these circumstances such supplemental assistance was not a substitute for the daughter's services. The judge was therefore correct in awarding claimant the value of his *117 daughter's attendant care even during those times when the employer/carrier provided claimant with supplemental assistance. Cf. Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988) (During those times when the aide provided by the employer/carrier was intended to substitute for the claimant's wife while she took time off for herself, no attendant care benefits were to be paid to the wife.)
Because we find no error, the order on appeal is affirmed.
ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] Claimant died at some point subsequent to rendition of the order on appeal. Therefore, claimant's right to benefits subsequent to the date of his death, including any modifications to claimant's home which had not been accomplished by the date of his death, would appear to be mooted.