560 So.2d 389 (1990)
KING LUMBER COMPANY and Feisco, Appellants,
v.
Renford BLOOMFIELD, Appellee.
No. 89-1660.
District Court of Appeal of Florida, First District.
May 1, 1990.
*390 Robert A. Donahue, Virginia M. Stalder, of Rissman, Weisberg, Barrett & Hurt, Vero Beach, for appellants.
Steven M. Meyers, of Meyers & Mooney, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order by which the judge of compensation claims ordered the employer/carrier to provide the permanently totally disabled claimant with past and future attendant care, with attendant care awarded for 12 hours per day between December 6, 1986 and September 11, 1987, and for 24 hours per day after that date. Services after September 1988 were rendered by claimant's nephew.
The parties present their argument in terms of record support for "modification" of the terms of an earlier order that awarded attendant care for 12 hours per day, based on "change of condition." Cf., section 440.28, Florida Statutes. However, the order on appeal is more properly reviewed as one which simply awards medical benefits for claimant's condition as it existed after the date of the earlier order. Thus, it is a new award of medical benefits found to be medically necessary, not a modification or change in class of permanent benefits fixed by the prior order. We find competent, substantial evidence as to claimant's current physical condition sufficient to negate any arguable inference based on law of the case as to the quantum of care previously awarded, and sufficient to support the award of such care for 12 hours per day through September 11, 1987, and for 24 hours per day from that point forward. See City of North Miami v. Towers, 557 So.2d 112 (Fla. 1st DCA 1990), and Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990).
This court's opinions in Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990), and Williams v. Amax Chemical Corp., 543 So.2d 277 (Fla. 1st DCA 1989), indicate that the 1989 amendment to section 440.13(2)(e)2 (the validity of which is not questioned by the parties) should be applied to payments for services rendered after the effective date of the amendment, whether or not such benefits had been awarded by a prior order. That amendment limits to 12 hours per day the amount of compensation payable to a family member providing claimant with attendant care services. However, because "family member" is defined to exclude a nephew, section 440.13(2)(e), Florida Statutes (1989), claimant's nephew should be compensated for providing 24 hour-per-day care to his uncle both before and after October 1, 1989, even assuming applicability of the *391 amendment to those attendant care benefits payable after October 1, 1989.
Affirmed.
ERVIN and WIGGINTON, JJ., concur.